107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Wilson TAVERA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-2612.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 Appearing for Appellant:Wilson Tavera, pro se, Loretto, Pennsylvania.
 
 
 2
 Appearing for Appellee:Scott A. Dunn, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 
 
 3
 Present: OAKES and WINTER, Circuit Judges, and SAND, District Judge.*
 
 
 4
 Wilson Tavera, pro se, appeals from Judge Amon's dismissal of his complaint without prejudice for lack of subject matter jurisdiction. In May 1995, Tavera filed an action for the return of certain funds that were seized from him in June 1992, when he was arrested at John F. Kennedy Airport. On December 29, 1992, as part of the subsequent administrative forfeiture process, the United States Custom Service requested that Tavera provide additional documentation within thirty days. After neither Tavera nor his attorney responded to the request during that period, the Customs Service sent a notice of final administrative action and summary forfeiture to Tavera, who was incarcerated in a federal prison. However, the notice did not indicate where it was sent. After publication of legal notices in the local newspaper and Tavera's failure to file a claim within 20 days, a final letter was sent to Tavera's attorney on May 11, 1993, to inform him of the effectuation of the summary forfeiture. Two years later, Tavera filed the instant action for the return of the seized currency. After Magistrate Judge Caden recommended that the government's summary judgment motion be denied on the ground that the government had failed to prove that the final notice had been sent to Tavera in prison, the government, without conceding that the notice was improper, withdrew its final administrative order and commenced administrative proceedings anew on April 25, 1996. At the government's request, the district court dismissed the instant case without prejudice for lack of subject matter jurisdiction because of the pending administrative proceeding. This appeal followed.
 
 
 5
 On appeal, Tavera principally argues that the district court erred in dismissing his action for lack of subject matter jurisdiction. We disagree. A district court loses subject matter jurisdiction over a matter once the administrative process has begun. United States v. One 1987 Jeep Wrangler Auto., 972 F.2d 472, 479 (2d Cir.1992); see also Onwubiko v. United States, 969 F.2d 1392, 1398 (2d Cir.1992) ("an administrative forfeiture removes the res from the district court"); Dawson v. Drug Enforcement Admin., 927 F.Supp. 748, 752 (S.D.N.Y.1996). Judge Amon therefore properly dismissed Tavera's case.
 
 
 6
 Tavera argues that his case falls under the exception to the above rule for cases in which "the property is taken accidentally, fraudulently, or improperly" through a procedurally deficient administrative proceeding. Onwubiko, 969 F.2d at 1392. Tavera's reliance on this exception is misplaced. Because the first administrative forfeiture order was withdrawn, no property was taken "accidentally, fraudulently, or improperly" by that proceeding.
 
 
 7
 Tavera argues that the government improperly withdrew the first forfeiture order and began a new forfeiture proceeding. Tavera points to no authority that would prevent the government from doing so. We note that the government commenced the second administrative forfeiture proceeding within the five-year statute of limitations. See United States v. Giovanelli, 998 F.2d 116, 118 (2d Cir.1993). The record discloses no other barrier to the commencement of the new administrative forfeiture proceeding.
 
 
 8
 We have examined Tavera's other arguments and have found them to be without merit. We therefore affirm.
 
 
 
 *
 The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation